UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUDREY P. CROSBY,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of
Social Security Administration,

    Defendant.

CASE NO. **C08-5250RJB**

REPORT AND RECOMMENDATION

Noted for January 23, 2008

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

INTRODUCTION

Plaintiff, Audrey Crosby, was born in 1970. Plaintiff graduated from an alternative high school. Plaintiff stated that she had last worked in childcare in March 2004 (Tr. 37). Plaintiff indicated that she had worked for two and a half years at Camp Sunshine with her mom as her boss from 1999 until 2001 or 2002 (Tr. 38-39). Plaintiff reported that she had had problems dealing with parents because of her problems dealing with people and that her mom normally did that part of the job (Tr. 39). Plaintiff also described working for three months at a veterinary hospital, taking care of birds and dogs as a kennel assistant, getting training on the job (Tr. 40). Plaintiff testified that she left that job because she was "anxious" and became sick, having her gall bladder removed (Tr. 40).

1   Plaintiff filed concurrent applications for Title II and Title XVI benefits on March 21, 2006. Plaintiff's applications were denied initially, on reconsideration. After requesting review by an administrative law judge ("ALJ"), a hearing was conducted. On June 15, 2007, the ALJ issued a written decision denying Plaintiff's applications for social security benefits. Tr. 21-31.

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At step-one, the ALJ found Plaintiff did not perform substantial gainful activity after her alleged disability onset date (March 31, 2004). Tr. 23. At step-two, the ALJ found Plaintiff had the following severe impairments: depression, PTSD, and anxiety. Tr. 23. At step-three, the ALJ concluded Plaintiff's impairments did not meet or equal the requirements of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and he explained Plaintiff retained the functional capacity to perform a full range of exertional work. Tr. 26. At step four, the ALJ found Plaintiff could not perform her past relevant work. Tr. 29. Finally, at step five, the ALJ relied on vocational expert testimony to conclude Plaintiff was not disabled because she could perform other work as a night cleaner. Tr. 30.

Plaintiff requested administrative review of the ALJ's adverse decision. Accordingly, Plaintiff timely appealed to Administration's Appeals Council, which on February 22, 2008, declined review, leaving ALJ Nichols' decision as the final administrative decision.

On April 22, 2008, Plaintiff filed a Complaint with the Court challenging the denial of her most recent application for benefits. Specifically, in her Opening Brief plaintiff contends: (1) the ALJ erred by failing to find that Plaintiff's migraine headaches created a "severe" impairment at Step-two; (2) the ALJ failed to properly consider Plaintiff's testimony regarding her symptoms and limitations; (3) the ALJ improperly determined Plaintiff's RFC; and (4) the ALJ relied on the vocational expert testimony which was based on an incomplete hypothetical. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions were properly supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.

1 | Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence
2 | as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.
3 | 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less
4 | than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
5 | Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
6 | interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th
7 | Cir. 1984).

## A. THE ALJ ERRED WHEN DETERMINING MS. CROSBY'S "SEVERE" IMPAIRMENTS

The claimant bears the burden of proof at steps one through four.  Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b);  Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work." *See* SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

As noted above, at step-two, the ALJ concluded Plaintiff had the following three severe mental impairments: depression, PTSD, and anxiety.  The ALJ did not find any physical impairments, which contributed significantly to the conclusion that Plaintiff retained the ability to perform a full range of exertional work.   After reviewing the record and arguments, the undersigned finds the ALJ erred when he did not include or consider Plaintiff's migraine headaches as a severe impairment at step-two of the administrative review process.

Medical evidence was presented to support the Plaintiff's allegations that she suffers from migraine headaches. Records from Dr. McDowell, who appears to be Plaintiff's primary care physician, show that Plaintiff has migraine headaches, and she has taken prescription medication for several years to treat these headaches. Tr. 290, 292. At the administrative hearing, Ms. Crosby testified that when she got migraine headaches, she became sick and stayed in her room. Tr. 52. She further testified that the migraines occurred once a month and lasted two to three days. Tr. 52.

Despite this clear evidence of an impairment that would have more than a minimal impact on Plaintiff's ability to do work, the ALJ did not find a severe impairment caused by migraine headaches. In his opinion the stated, "The claimant also complained of intermittent headaches, but I note that the claimant managed to keep up with her children and activities, thus, similarly, this also does not constitute a severe impairment." (Tr. 26). The ALJ's analysis insufficient.

The evidence presented by Plaintiff satisfies the "de minimis" step-two standard. The medical evidence clearly supports finding a "severe" impairment at step-two, as the term is defined by the Ninth Circuit. In sum, the ALJ erred when he did not consider Plaintiff's migraine headaches as being a "severe" at step two in the five step evaluation process.

## CONCLUSION

Based on the foregoing discussion, the Court should REMAND the matter to the administration for further consideration. The error at step-two significantly affected subsequent findings by the ALJ, including, but not limited to, the ALJ's assessment of Plaintiff's credibility, the ALJ's consideration Plaintiff's RFC, the ALJ's consideration of the medical evidence as a whole, and the validity of the hypothetical posed to the vocational expert at the administrative hearing.

Plaintiff argues the matter is fully developed and that if the evidence, particularly the medical opinion of Dr. Wingate, was given proper credit, the matter should be reversed and remanded for an appropriate award of benefits. The undersigned disagrees. Given the step-two error, there are unresolved issues, and the administration should be provided the opportunity to properly consider each of the five steps in the disability evaluation process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

| | |
|---|---|
| 1 | Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of |
| 2 | appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the |
| 3 | clerk is directed to set the matter for consideration on **January 23, 2009**, as noted in the caption. |
| 4 | DATED this 5th day of January, 2009. |

 /s/ J. Kelley Arnold
 J. Kelley Arnold
 U.S. Magistrate Judge